## Silas W. Farber and others, plaintiffs *vs.* Alexander Levi, defendant.

### *Appeal from Dubuque.*

Where a copartner in the right of pre-emption to a lot of land, neglects or refuses to join his copartner, in presenting their claim before the Board of Commissioners for allowance, the heirs of the negligent and refusing partner, after his death, cannot come into a court of equity against the surviving partner for a division of the lot which he has secured to himself.

The decision of the town commissioners of Dubuque, in the adjudication of pre-emptive claims, is not final and conclusive, nor subject alone to the revision of the Commissioner of the General Land Office.

Should their decisions have been obtained by fraud or mistake, relief may be had in a court of equity.

This is a bill in chancery, filed by Silas Farber, Elizabeth Burbridge, William K. Burbridge, Eliza J. Burbridge, John Burbridge, Clinton D. Burbridge and Jane Burbridge, complainants, against Alexander Levi, defendant.

The case presented by the petition was, that Levi and Benj. Burbridge, deceased, through whom the petitioners claimed, agreed to purchase the property in litigation in 1835, of one Henry Potzer. That the purchase was left to Levi to make, and that instead of taking a conveyance in their joint names he took it in his own name and that they made an equal contribution of the purchase money.

That in April. 1836, Burbridge, the ancestor, discovering that Levi had taken the conveyance in his own name, and demanded from him a conveyance of the undivided half of the lot. Whereupon Levi executed the same, April 3, 1836. That in January 1838, Burbridge died. That in his lifetime, he and Levi made valuable improvements on the lot jointly, with joint funds, and on joint account, worth more than $1200.

That at the date of the deed from Levi to Burbridge, and while the improvements were making, the title was only by pre-emption. That

after the death of Burbridge, Levi, being only entitled an undivided half of the lot, fraudulently represented himself as entitled to the whole, to the board of commissioners, to ascertain the claimants to pre-emptive rights, as assignee of Potzer. That he obtained the pre-emption under said claim to the whole lot, and entered it in his own name.

The complainants charged that Levi had occupied the lot afterwards to their exclusion, received large amount of rents, &c., and prayed that Levi might be decreed to convey to them the undivided half, and that he account for half of the rents received.

The answer of Levi admitted the purchase from Potzer, by Levi, but denied that it had been upon joint account. It admitted the sale from defendant Burbridge as stated, but insisted it was only the interest defendant had at the time in the lot. That at the time of sale there were no pre-emption rights to lots, &c. Defendant admitted that he applied for the pre-emption in his own name as assignee of Potzer, and obtained it before the commissioners. That under his certificate of pre-emption he was permitted to purchase the lot in the land office, and claimed the entire interest in the lot by virtue of the purchase.

The answer further states that defendant applied to Burbridge in his life time to join with him in applying for a pre-emption but that Burbridge declined to do so.

The additional facts presented by the answer, replication and depositions, necessary to an understanding of the case, are contained in the opinion of the court.

The bill was dismissed in the court below, and the complainants appealed to this court.

Davis & Crawford, for complainants.

Berry, for defendants.

Per Curiam, Mason, Chief Justice.—This was a petition filed by the representatives of Benjamin Burbridge, to obtain one half of a lot of ground in the town of Dubuque, and an accounting for the rents and profits of the same for several years past. It sets forth that Burbridge and Levi agreed to purchase the lot (it then being government land) from one Potzer, each advancing one half the purchase money; that Levi fraudulently took the deed in his own name, but afterwards executed a conveyance of one half to Burbridge—that when the commissioners sat to adjudicate upon pre-emption rights in the town of Dubuque, Levi, by presenting to them the deed from Potzer, fraudulently obtained their

certificate to himself in his own name and ultimately entered the lot at the land office. During the pendency of the proceedings before the commissioners aforesaid, Burbridge died, and Levi afterwards received the whole of the rents and profits of the property, including the lot and a building which they had jointly erected.

The case as set forth in the petition, is such as clearly to entitle the complainants to relief unless their rights have been forfeited by their own negligence or by that of Burbridge. We do not adopt the conclusion of the defendant's counsel, that the decision of the town lot commissioners is final, subject only to the revision of the Commissioner of the General Land Office. Those commissioners constituted a judicial tribunal, and as such their decisions are to be respected, but where those decisions have been obtained by fraud, or by mistake, we know of nothing that should prevent the same remedial interference of a court of equity, that is exercised in relation to other legal decisions.

But relief must be obtained, if at all, in both cases, upon similar principles. The party claiming it must show among other things, that he used all reasonable exertions to obtain justice in the other court, or furnish a sufficient excuse for his negligence. How was it in the present case?

The complainants made no effort to obtain justice at the hands of the commissioners, but they set forth in excuse, first, that Burbridge was dead, next that they were ignorant of their rights, some of their number being minors, and finally, that Levi falsely and fraudulently presented to the commissioners his deed from Potzer and obtained their certificate for the whole lot, when in justice he was only entitled to an undivided half of the same.

Had all these allegations been proved, then the complainants would have presented a strong case for relief, but the proof turns out widely different. Burbridge, it is true, died in January 1838, but some months previous, the commissioners had been in session, and all those interested had been notified to file their claims. Burbridge was in Dubuque at different times in the summer of 1837, and once late in the fall of that year. He must have known of the pendency of proceedings in relation to town lots, and of the necessity of taking steps to secure his rights thereto. Chilton, the administrator, was also aware of the state of affairs in relation to this property, but instead of joining with Levi in obtaining each one half of the lot, as requested, stated that as administrator he had sold the interest of the heirs to Thompson.

But the answer of Levi, so far as it is responsive to the petition, is

evidence in the case, and he states in answer to the statements, that he had fraudulently and falsely procured the certificate from the commissioners to himself, and that the complainants were ignorant of their rights in the matter, that he had always solicited Burbridge to join with him in obtaining a joint pre-emption, and after his death he made a like application to Chilton, who both declined joining in making the necessary application.

But the case is still stronger against the complainants. Thompson states that he filed a claim in opposition to that of Levi; that this was purchased with the funds of the partnership firm of Thompson, Burbridge & McCune—that Burbridge knew of the purchase, and did not object to it, and that the application was filed in the fall of 1837, and for the benefit of the firm. According to the other testimony, Burbridge must have been in Dubuque subsequent to such application having been filed. It seems reasonable to conclude from all these facts, that Burbridge knew of the nature of Thompson's application, and countenanced the same. Burbridge and his co-partners, then endeavor to defeat the claim derived through Levi's purchase from Potzer. Not satisfied with refusing to aid Levi in sustaining this latter claim, he joins in setting up one antagonest thereto, strives to deprive Levi of all of his rights, under the Potzer purchase, and when in spite of all these efforts, Levi has been successful, his heirs claim to share that success which he and they had not only neglected to promote, but had endeavored to prevent. They certainly have no claim for relief in a court of equity. The decree of the court below will therefore be affirmed.